UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              Plaintiff,

     v.                                                     5:12-cv-1414

MICHAEL JASNIEWSKI, JR,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       The United States of America moves for a default judgment in connection with the defendant's failure to repay student loans or other promissory notes. The Complaint and documents attached thereto demonstrate that Defendant executed promissory notes to secure various loans from the U.S. Department of Education. The Department has demanded payment in accordance with the terms of the note. To date, Defendant has failed to pay the debt. These allegations, which are deemed admitted by Defendant's failure to respond, see Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992), are sufficient to establish Defendant's liability.

       "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation,

but rather must ensure that there is a basis for the damages that are sought." Overcash v. United Abstract Group, Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v. Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160. Here, the materials submitted with the Complaint together with the affidavit in support of the motion for default are sufficient to establish damages on the promissory notes because those amounts (principal owed on the notes and interest) are susceptible to mathematical computation.

For the foregoing reasons, the motion for default judgment is GRANTED and Plaintiff is entitled to judgment in the total amount of $14,435.22 as detailed in the December 27, 2012 affidavit of Gary Valerino.

IT IS SO ORDERED.

Dated: February 7, 2013

Thomas J. McAvoy
Senior, U.S. District Judge